IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINGUA LOGICA, LLC,

      Plaintiff,

v.

                                                     Civ. No. 23-187 JMR/SCY

DAMIAN GESSLER and
SEMANTIC OPTIONS, LLC,

      Defendants.

## ORDER TO AMEND COMPLAINT

      This matter comes before the Court sua sponte, following its review of the Complaint for Fraud, Civil Conspiracy, Misrepresentation and Breaches of Loyalty, Confidentiality and Fiduciary Duty. Doc. 1. Plaintiff filed this matter in federal court citing diversity jurisdiction. *Id.* ¶ 4. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." "A federal court's jurisdiction must clearly appear from the face of a complaint . . . ." *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972). Plaintiff's complaint fails to allege the necessary facts in order to determine if this case is "between citizens of different States." 28 U.S.C. § 1332(a).

      First, as to the individual defendant, Damian Gessler, the complaint alleges that he is a "resident of Santa Fe, New Mexico." Doc. 1 ¶ 2. Residency, however, is not equivalent to citizenship, *see Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015), and Plaintiff fails to allege the citizenship of Defendant Gessler.

Second, as to the LLC parties, the complaint alleges that Plaintiff Lingua Logica, LLC is "a Colorado limited liability company with its principal place of business in Denver, Colorado" and Defendant Semantic Options, LLC "is a New Mexico limited liability [company], with its principal place of business in Santa Fe, New Mexico." Doc. 1 ¶¶ 1, 2. But determining the citizenship of a limited liability company (LLC) is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). An LLC, on the other hand, is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC*, 781 F.3d at 1237-38 (remanding to the district court to determine the citizenship of all the members of the plaintiff limited liability company). Plaintiff's complaint, however, does not provide any information as to the citizenship of the members of either LLC. And Plaintiff did not file a disclosure statement as to its own citizenship. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name--and identify the citizenship of--every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court.").

**IT IS HEREBY ORDERED** that Plaintiff amend her Complaint to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than March 30, 2023.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by March 30, 2023 the Court may dismiss this action without prejudice.

_____
UNITED STATES MAGISTRATE JUDGE